UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RONALD BONESTROO,<br><br>　　　　　　Movant,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 4:16-CV-04160-KES<br><br><br>ORDER |

## INTRODUCTION

Movant, Ronald Bonestroo, a federal inmate at the Petersburg Low Federal Correctional Institution in Petersburg, Virginia, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge.

## FACTS

Mr. Bonestroo was found guilty by a jury of attempted commercial sex trafficking of a child on November 8, 2011. The district court granted Mr. Bonestroo's motion for acquittal on January 4, 2012. The government appealed and on January 7, 2013, the Eighth Circuit Court of Appeals reversed and remanded the case for reinstatement of the jury verdict and imposition of sentence. Mr. Bonestroo filed a petition for writ of certiorari on June 11, 2013. Mr. Bonestroo was sentenced on June 17, 2013, to 120 months' imprisonment

and a 5 year term of supervised release. On October 18, 2013, the United States Supreme Court denied the petition for a writ of certiorari. Mr. Bonestroo filed this 2255 action over three years later, on November 16, 2016.

## DISCUSSION

**A.  Review of Mr. Bonestroo's Motion Pursuant to Rule 4**

Rule 4(b) of the Rules Governing Section 2255 Cases states in pertinent part:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

This Court's preliminary review, required by Rule 4, reveals that Mr. Bonestroo's pending § 2255 motion may be barred by the statute of limitations.

**B.  Statute of Limitations Governing Section 2255 motions**

Section 2255 of Title 28 of the United States Code provides, in relevant part, as follows:

> (a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authority authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). As the above text illustrates, a § 2255 motion is available only to prisoners in federal custody and must be brought in the same court that imposed the sentence now under challenge. Id.

There is a one-year statute of limitations relevant to Section 2255 motions:

**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
  **(1)** the date on which the judgment of conviction becomes final;
  **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

Motions under § 2255 are subject to a one-year statute of limitation that runs from the *latest* of four specified dates. See 28 U.S.C. § 2255(f). Only one is relevant here–"the date on which the judgment of conviction becomes final." Id. A judgment is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or a petition for certiorari finally denied...]." United States v. Johnson, 457 U.S. 537, 543, n. 8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (for the purpose of starting § 2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing

3

a certiorari petition expires."). The time for filing a petition for certiorari is 90 days after entry of the court of appeals' judgment. Clay, 537 U.S. at 525.

In Mr. Bonestroo's case, the statute of limitations began to run on October 18, 2013 (the date the Supreme Court denied his petition for certiorari), and he had until October 18, 2014, to file a § 2255 motion. See 28 U.S.C. § 2255(f). Mr. Bonestroo did not file his § 2255 motion until November 16, 2016. His motion is clearly time-barred unless equitable tolling applies.

In the Eighth Circuit, the doctrine of equitable tolling has been extended to § 2255 motions. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). Equitable tolling is an extraordinary remedy used only in rare circumstances and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). " '[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.' " Jihad, 267 F.3d at 806 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Equitable tolling is only applicable in two instances: "(1) if there are extraordinary circumstances' beyond a movant's control that would keep him from filing in a timely fashion or (2) if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006) (internal citations omitted). "Equitable tolling only applies when the circumstances that cause the delay in filing are 'external to the plaintiff

and not attributable to his actions.' " Id. at 858 (citing Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)) (additional citation omitted).  Further, [t]he petitioner must also demonstrate that he acted with due diligence in pursuing his [§ 2255] petition."  E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006).

## CONCLUSION

With the above general principles in mind, and having preliminarily reviewed Mr. Bonestroo's § 2255 motion, it is hereby

ORDERED:

(1) The Clerk of Court is directed to serve upon the United States Attorney, copies of Mr. Bonestroo's motion, memorandum and affidavit (Docket 1, 2 and 3) and this Order;

(2) On or before December 20, 2016, the parties shall file briefs, documentation, and/or other appropriate authority showing cause why Mr. Bonestroo's federal habeas petition, filed November 16, 2016, should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f).

DATED this 22d day of November, 2016.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge

5