UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RONALD BONESTROO,<br><br>             Movant,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | 4:16-CV-04160-KES<br><br>AMENDED<br>REPORT AND RECOMMENDATION |

### INTRODUCTION

Movant, Ronald Bonestroo, a federal inmate at the Petersburg Low Federal Correctional Institution in Petersburg, Virginia, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge.

### FACTS

Mr. Bonestroo was found guilty by a jury of attempted commercial sex trafficking of a child on November 8, 2011.  The district court granted Mr. Bonestroo's motion for judgment of acquittal on January 4, 2012.  The government appealed the district court's decision and, on January 7, 2013, the Eighth Circuit Court of Appeals reversed and remanded the case for reinstatement of the jury verdict and imposition of sentence.  Mr. Bonestroo filed a petition for writ of certiorari with the United States Supreme Court on June 11, 2013.

Mr. Bonestroo was sentenced by the district court on June 17, 2013, to 120 months' imprisonment and a 5-year term of supervised release.   On October 18, 2013, the United States Supreme Court denied Mr. Bonestroo's petition for a writ of certiorari.  Mr. Bonestroo filed this § 2255 action over three years later, on November 16, 2016.

## DISCUSSION

This Court conducted a preliminary review of Mr. Bonestroo's petition as required by Rule 4.  Believing that Mr. Bonestroo's petition may be time-barred, the court issued an order to show cause directing both the government and Mr. Bonestroo to file briefs with the court, setting forth documentation and other appropriate authority as to whether Mr. Bonestroo's petition should be dismissed on statute of limitations grounds.  See Docket No. 5.  The court set forth in its order the relevant law applicable to the statute of limitations for § 2255 motions, including the law of equitable tolling.  Id.  The deadline for the parties' briefs was December 20, 2016.  Id.

Mr. Bonestroo filed a brief with the court pursuant to the order to show cause on December 27, 2016, arguing that his § 2255 motion should be considered timely.[1]  See Docket No. 9.  The government filed a brief indicating its agreement with the court's analysis that Mr. Bonestroo's motion was time-barred. See Docket No. 7.

There is a one-year statute of limitations relevant to Section 2255 motions:

---

[1] Although the court received Mr. Bonestroo's brief on December 27, the certificate of service for the brief is dated December 14, 2016.  The court will consider the brief to be timely filed.

**(f)**   A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—

    **(1)**   the date on which the judgment of conviction becomes final;

    **(2)**   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    **(3)**   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    **(4)**   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

Motions under § 2255 are subject to a one-year statute of limitation that runs from the *latest* of four specified dates.  See 28 U.S.C. § 2255(f).  Only one is relevant here–"the date on which the judgment of conviction becomes final."  Id.  A judgment is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or a petition for certiorari finally denied…]."  United States v. Johnson, 457 U.S. 537, 543, n. 8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (for the purpose of starting § 2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").  The time for filing a petition for certiorari is 90 days after entry of the court of appeals' judgment.  Clay, 537 U.S. at 525.

In Mr. Bonestroo's case, the statute of limitations began to run on October 18, 2013 (the date the Supreme Court denied his petition for certiorari), and he

3

had until October 18, 2014, to file a § 2255 motion.  See 28 U.S.C. § 2255(f).

Mr. Bonestroo did not file his § 2255 motion until November 16, 2016.  His motion

is clearly time-barred unless equitable tolling applies.

The doctrine of equitable tolling has been extended to § 2255 motions.

United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005).  Equitable tolling is

an extraordinary remedy used only in rare circumstances and "affords the

otherwise time-barred petitioner an exceedingly narrow window of relief."  Jihad v.

Hvass, 267 F.3d 803, 805 (8th Cir. 2001); United States v. Riggs, 314 F.3d 796,

799 (5th Cir. 2002).  " '[A]ny invocation of equity to relieve the strict application of

a statute of limitations must be guarded and infrequent, lest circumstances of

individualized hardship supplant the rules of clearly drafted statutes.' "  Jihad,

267 F.3d at 806 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Equitable tolling is only applicable in two instances: "(1) if there are

'extraordinary circumstances' beyond a movant's control that would keep him from

filing in a timely fashion or (2) if the government's conduct 'lulled' the movant into

inaction through reliance on that conduct."  United States v. Hernandez, 436 F.3d

851, 858 (8th Cir. 2006) (internal citations omitted).  "Equitable tolling only applies

when the circumstances that cause the delay in filing are 'external to the plaintiff

and not attributable to his actions.' "  Id. at 858 (citing Maghee v. Ault, 410 F.3d

473, 476 (8th Cir. 2005)) (additional citation omitted).  Further, [t]he petitioner

must also demonstrate that he acted with due diligence in pursuing his [§ 2255]

petition."  E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006).

Mr. Bonestroo has the burden to demonstrate the applicability of equitable tolling to his case. He argues that the government prevented him from timely filing his § 2255 motion by appealing the district court's grant of Mr. Bonestroo's motion for acquittal. See Docket No. 9. However, this action by the government took place *before* the statute of limitations had even began to run on Mr. Bonestroo's § 2255 motion. To recap, the government appealed on January 7, 2013; Mr. Bonestroo was sentenced on June 17, 2013; and the United States Supreme Court denied Mr. Bonestroo's petition for a writ of certiorari on October 18, 2013. It was only upon this latter date that Mr. Bonestroo's statute of limitations began to run. The government's earlier appeal did not affect the statute of limitations. Therefore, Mr. Bonestroo has not shown extraordinary circumstances beyond his control kept him from timely filing his motion. He has also failed to demonstrate that the government's actions lulled him into not filing—this is because the government's actions took place before the statute of limitations for the § 2255 motion had even begun to run.

In addition, in his response to the order to show cause, Mr. Bonestroo does not explain why three years elapsed between the Supreme Court's denial of the certiorari petition and his filing of the instant § 2255 motion. Without any explanation, the court finds that Mr. Bonestroo did not act with due diligence by waiting three years to file the instant motion. Mr. Bonestroo has therefore failed to make the required showing in order for the doctrine of equitable tolling to apply to his case. Accordingly, the court recommends dismissal of Mr. Bonestroo's motion with prejudice.

## CONCLUSION

This magistrate judge respectfully recommends dismissing Mr. Bonestroo's motion to vacate, correct or set aside his sentence for the reason that the motion is untimely and Mr. Bonestroo has not demonstrated grounds for the application of the doctrine of equitable tolling. Dismissal for statute of limitations grounds is dismissal with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED December 28, 2016, *nunc pro tunc* December 27, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge