UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RONALD BONESTROO,<br><br>                      Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                      Respondent. | 4:16-CV-04160-KES<br><br>ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION AND DISMISSING MOTION |

Movant, Ronald Bonestroo, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that Bonestroo's motion be dismissed. Docket 10.

Magistrate Judge Duffy recommends dismissal because Bonestroo's motion is time-barred under the 1-year statute of limitation in 28 U.S.C. § 2255(f). *Id.* Magistrate Judge Duffy found that equitable tolling did not apply. *Id.* Bonestroo argues that his filing limitation should be tolled because the government prevented him from filing a collateral challenge to his conviction when it appealed the district court's grant of his motion for acquittal. Docket 9. Magistrate Judge Duffy rejected this argument because Bonestroo's statute of limitations did not begin to run until the Supreme Court denied his petition for a writ of certiorari. Docket 10 at 3 and 5.

Bonestroo objects to the report and recommendation. Docket 12. He admits that he did not file his motion with the 1-year statute of limitation, but

argues that he is entitled to equitable tolling. *Id.* He claims that his attorney's decision to file for a writ of certiorari instead of appealing his conviction deprived him of the right to appeal his sentence and to attack it collaterally. *Id.* at 2-3. Bonestroo also claims that his attorney's failure to move for a new trial was deficient. *Id.* at 3.

"The one-year statute of limitation may be equitably tolled 'only if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631 (2010). Magistrate Judge Duffy found that Bonestroo did not pursue his rights diligently, and his objection does not present an argument that he did. Bonestroo's claims concerning his attorney's deficiencies do not constitute an "extraordinary circumstance" that prevented him from timely filing his motion. These allegedly deficient actions were taken before Bonestroo's writ of certiorari was denied and therefore before his 1-year statute of limitation began to run. For these reasons, Bonestroo is not entitled to equitable tolling.

"A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929–30 (8th Cir. 2014)). Here, an

evidentiary hearing is not required because the record contains the applicable dates of Bonestroo's filings.

Before denial of a § 2255 motion may be appealed, a movant must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Bonestroo has not made a substantial showing that the district court's assessments of his claims are debatable or wrong. Consequently, a certificate of appealability is not issued.

Thus, it is ORDERED

1. Bonestroo's objections to the report and recommendation (Docket 12) are overruled.
2. The amended report and recommendation (Docket 10) is adopted in full. Bonestroo's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed.
3. A certificate of appealability is not issued.

Dated April 28, 2017.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE